UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRIS NEHEMIAH ROBERTS,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>WARDEN, OF SOUTH DAKOTA STATE PEN;<br><br>　　　　　　Respondent. | 4:25-CV-04097-RAL<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is pending before the court pursuant to the *pro se* petition pursuant to 28 U.S.C. § 2241 of Chris Nehemiah Roberts, a person incarcerated pursuant to a judgment of a South Dakota state court. See Docket No. 1. This court screened Mr. Roberts' petition pursuant to Rule 4 of the Rules Governing 2254 cases and issued an order to show cause why Mr. Roberts' petition should not be dismissed as untimely, unexhausted, and procedurally defaulted. See Docket No. 6. In response, respondent has filed a motion to dismiss Mr. Roberts' petition without holding an evidentiary hearing. See Docket No. 8. Mr. Roberts has not responded to the court's order to show cause nor has he filed a response in opposition to respondent's motion, even through the court notified him of his right to respond to both. See Docket Nos. 6 & 10. This matter has been referred to this magistrate judge for a

recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.

## FACTS

Mr. Roberts entered a plea of guilty to first-degree burglary in state court on May 2, 2023, in circuit court for the Second Judicial Circuit, Minnehaha County. See Docket No. 9-2. He was sentenced June 2, 2023, to 10 years' imprisonment, with 8 years suspended. Id. On the same dates in the same court Mr. Roberts also pleaded guilty to first-degree robbery dangerous weapon and was sentenced to 25 years' imprisonment with 15 years suspended. See Docket No. 9-3. The sentences were both ordered to run consecutively, yielding a total sentence of 12 years' incarceration with 23 years suspended. See Docket Nos. 9-2 & 9-3. Both judgments of conviction were filed June 9, 2023. Id.

Mr. Roberts did not pursue a direct appeal of his conviction. See Docket No. 1 at 2. He also did not file any habeas petitions in state court. See Docket No. 9 at 5.

On May 16, 2024, Mr. Roberts wrote a letter to his state court judge asking her to reduce his sentence and emphasizing that he was taking steps to improve himself. State v. Roberts, 49CRI 21-8063 at 96-97 (2d Cir, Minnehaha Co.). The court denied the request the same date. Id. at 102.

On April 2, 2024,[1] Mr. Roberts wrote another letter also asking for a sentence reduction on the basis of his self-improvement efforts in prison. Id. at 103-05. The circuit court again rejected the request on May 23, 2024. Id. at 107.

On June 10, 2025, Mr. Roberts wrote the state court a third time, requesting a sentence reduction or that his two sentences be ordered to run concurrently. Id. at 109-10. That request was denied the same day. Id. at 111.

On June 10, 2025, Mr. Roberts filed his federal petition with this court, invoking 28 U.S.C. § 2241 as the basis for relief. See Docket No. 1. Mr. Roberts alleges his trial counsel provided ineffective assistance of counsel in violation of Mr. Roberts' Sixth Amendment rights. Id. at 7. He alleges his counsel promised he could obtain Mr. Roberts a suspended execution of sentence, but counsel failed to obtain the promised sentence. Id. Respondent now moves to dismiss Mr. Roberts' petition on the grounds that it is time-barred, unexhausted, and procedurally defaulted. See Docket No. 8. As indicated above, Mr. Roberts has not responded to this court's order to show cause nor to respondent's motion.

---

[1] Although the first letter appears in the state court file before the second letter, it has no date on it. The only date is the file stamp showing when it was filed. However, the envelope that the second letter arrived in was filed and it bears a postmark of April 2, 2024. See Roberts, 49CRI21-8063 at 106. The letter itself is undated and a file stamp shows it was placed into the state court record on May 23, 2024. Id. at 105. Thus, it appears the letter was not placed into the court record upon its receipt, but rather was filed once the circuit court judge wrote a reply to the letter.

## DISCUSSION

**a.    Scope of a § 2254 Petition**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).

AEDPA contains a number of procedural requirements.  First, there is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).  In addition, a state prisoner is required to first present each constitutional claim presented in his federal petition to each state court—here, the state circuit court and then the South Dakota Supreme Court.  See 28 U.S.C. § 2254(b)(1)(A).  Finally, if a state court prisoner has procedurally defaulted by failing to file in a timely fashion or by failing to exhaust his remedies and he is no longer able to cure those defaults in state court, he must show either (1) cause for the default and prejudice, or (2) that a fundamental miscarriage of justice will occur if the federal court does not hear the prisoner's claim on the merits.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Of course, Mr. Roberts has not filed his petition under AEDPA (28 U.S.C. §§ 2244, 2254), but rather has filed under 28 U.S.C. § 2241.  Nevertheless, because he is in prison on a state court criminal judgment, the procedural

4

requirements of AEDPA apply to him.  Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (stating "[a] person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, no matter how his pleadings are styled); See also Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) (holding that § 2241(c)'s language literally encompasses petitions for habeas relief by state prisoners, but those prisoners must still comply with § 2254's procedural requirements).

**B.    Mr. Roberts' Petition is Untimely**

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by AEDPA, which contains a one-year statute of limitations which provides in relevant part:

> **(d)**   **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001). If no appeal was taken, then a conviction becomes final upon the expiration of the time allowed under state law for pursuing a direct appeal. King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

6

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Here, Mr. Roberts' convictions, both entered on June 9, 2023, became final 30 days later when the time for taking a direct appeal lapsed without him filing a notice of appeal. See SDCL §§ 23A-32-15 & 23A-32-16. Thus, Mr. Roberts' convictions became final on July 9, 2023. Under AEDPA, then, he had 1 year—until July 9, 2024—to file a federal habeas petition. Mr. Roberts in fact did not file the instant petition with this court until June 10, 2025, 11 months past the one-year deadline.

True, a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" can toll the running of the AEDPA limitations period, but tolling occurs only so long as the state petition is pending. See 28 U.S.C. § 2244(d)(2). Here, Mr. Roberts' three letters to the circuit court seeking a reduction in sentence are not "properly filed application[s] for State post-conviction or other collateral review." The letters do not challenge his convictions themselves and they do not raise any constitutional claims. However, even if the three letters *did* constitute properly filed applications for state post-conviction review, the letters were pending for only a matter of a few days before the state circuit court denied the requests. Thus, the period of tolling available under § 2244(d)(2) would only be a matter of several days or even weeks. This is not enough to offset the 11 months by which Mr. Roberts missed AEDPA's deadline. Statutory tolling cannot save his petition.

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the

8

circumstances.  Holland, 560 U.S. at 649-50.  Equitable tolling represents "an exceedingly narrow window of relief."  Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).  The burden of demonstrating equitable tolling should apply rests solely on Mr. Roberts.  Holland, 560 U.S. at 649.  By failing to respond to the court's order to show cause and failing to respond to respondent's motion to dismiss, Mr. Roberts has failed to carry his burden to show equitable tolling should apply.

Also, as indicated previously, a time-barred petition can be excused and reviewed on the merits if the petitioner demonstrates either cause and prejudice or a fundamental miscarriage of justice.  Colman, 501 U.S. at 750.  Again, though, this is Mr. Roberts' burden to demonstrate one of these exceptions applies and by not responding, he has not carried his burden.  The court concludes that Mr. Roberts' petition should be dismissed with prejudice because it is untimely.

**C.     Mr. Roberts' Petition is Procedurally Barred**

As noted above, AEDPA requires Mr. Roberts to first present any constitutional claims in his federal petition to the state courts and allow them to rule on his claims.  See U.S.C. § 2254(b)(1)(A).  None of his three letters to the state circuit court raised the Sixth Amendment ineffective assistance of counsel claim Mr. Roberts raises in his federal petition, so his federal claim is unexhausted.

If Mr. Roberts can still return to state court and complete the exhaustion requirement, this court should dismiss his claim without prejudice and allow

9

him to do so.  Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).  But Mr. Roberts cannot return to state court and present his habeas claims there because the two-year statute of limitations applicable to state habeas petitions in South Dakota has also expired—it expired on June 9, 2025.  See SDCL § 21-27-3.3.  When an unexhausted claim can no longer be presented in state court, that claim is procedurally defaulted.  Coleman, 501 U.S. at 731-32, 735 n.1.

Just as with a statute of limitations procedural bar, if a claim is procedurally barred and unexhausted, the federal court can only entertain the claim on the merits if the petitioner can show cause and prejudice or a fundamental miscarriage of justice.  Id. at 750.  Again, because Mr. Roberts has not responded to the court or to the respondent's motion, he has failed to carry the burden of demonstrating either of the Coleman factors.  Accordingly, his federal petition should also be dismissed with prejudice because it is unexhausted and procedurally defaulted.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 8] and dismissing Mr. Roberts' § 2241 petition with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of August, 2025.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge